UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIONNE K. THOMPSON,

                Plaintiff,

-against-

MORRIS HEIGHTS HEALTH CENTER, INC., et al.,

                Defendants.

21-CV-1886 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Employee Retirement Income Security Act as amended, 29 U.S.C. § 1001 *et seq*. ("ERISA"), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), alleging that Defendants wrongfully terminated, or denied, her long-term disability benefits. By order dated October 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Morris Heights Health Center, Inc. ("MHHC"), her former employer; Verona Greenland, MHHC Chief Executive Officer; Lloyd Crooks, MHHC Chief Financial Officer; Sun Life Financial Inc.; Assurant, Inc.; First Fortis Life Insurance; Union Security Life Insurance Company of New York ("USLICNY"); Laura Boswell, USLICNY Claims Specialist; Greg Cheney, USLICNY Administrative Officer; and Stella Doering, USLICNY Administrative Officer. Plaintiff alleges that Defendants violated her rights under ERISA and the ADA by terminating or denying her long-term disability benefits in 2009. She uses the Court's general complaint form to bring this action, but she does not provide any

facts in the complaint. Rather, Plaintiff refers the Court to her affidavit and exhibits for the facts of her case. Plaintiff submits a motion and an affidavit for injunctive relief (ECF 3), which are accompanied by multiple exhibits.

The following information is taken from Plaintiff's affidavit. In 2007, Plaintiff suffered a spinal injury resulting in chronic myofascial pain and fibromyalgia. In or around December 2007, Plaintiff applied for long-term disability benefits, but USLICNY delayed processing her claim and withheld her benefit check for about four months, "causing her to suffer undue harm, pain, suffering and hardship, exacerbating her physical illness." (ECF 3 at 6.) USLICNY's employees failed to comply with Plaintiff's document requests in a timely fashion and to follow ERISA regulations, acting in "bad faith." (*Id*. at 5.) Plaintiff reported the issues with USLICNY to the U.S. Department of Labor and the U.S. Equal Employment Opportunity Commission. After entering into an agreement to pay the disability benefits, USLICNY failed to comply with the agreement, denying Plaintiff disability benefits. USLICNY acted in an "arbitrary and capricious" manner, failed to provide Plaintiff proper notice of the denial, and changed their reasons for the denial of benefits. In addition, Plaintiff found USLICNY's procedural requirements "severely confusing." (*Id*. at 6.) In late 2009, USLICNY terminated Plaintiff's long-term disability benefits, although it had promised to continue paying them after she properly appealed the claim. "[F]or reasons that remain unknown to Plaintiff, her benefits were abruptly withheld and terminated, without good cause[,] and[] in bad faith."(*Id*. at 5.) Plaintiff brings this action, seeking injunctive relief and money damages.

Plaintiff makes references to, and attaches to her complaint, multiple documents from a case previously before this Court, *Thompson v. AmeriFlex*, No. 11-CV-5635 (LTS) (RLE) (S.D.N.Y. Aug. 20, 2013) ("*Thompson I*."). In 2011, Plaintiff sued AmeriFlex, Inc. (AmeriFlex),

USLICNY, and Long Island Employee Benefits, Group, Ltd. ("LIEBG"), alleging that the defendants violated ERISA in connection with the determination and payment of benefits, and the provision of information, under long-term disability and pension plans maintained by Plaintiff's former employer, MHHC. In particular, she sued AmeriFlex for its alleged failure as administrator of her COBRA[1] plan to provide notices and to respond to requests for information as required under ERISA; USLICNY[2] for denying her continuing long-term disability benefits in October 2009; and LIEBG, a third-party administration firm, for a delay in providing her with plan documents and for receiving less in pension benefits than she was entitled to receive.

On March 19, 2013, the Court granted USLICNY and LIEBG's motions for summary judgment. The Court held that Plaintiff had failed to meet her burden of showing that USLICNY's decision to deny her long-term disability benefits was arbitrary and capricious and that she was entitled to such benefits. The Court also determine that USLICNY denied Plaintiff's benefits only after she "failed to provide the documentation required to demonstrate that her disability was continuing." *Thompson I*, ECF 1:11-CV-5635, 110 at 9 (S.D.N.Y. Mar. 19, 2013). The Court further held that Plaintiff failed to state a claim for relief against LIEBG, as it "only performed ministerial functions," and did not have "fiduciary status" as Plaintiff alleged. (*Id*. at 13.) On August 16, 2013, the Court also granted AmeriFlex's motion for summary judgment with respect to Plaintiff's claims concerning her COBRA plan.[3] *See Thompson I*, ECF 1:11-CV-5635, 130, 2013 WL 4407066 (S.D.N.Y. Aug. 16, 2013).

---

[1] Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), 29 U.S.C. §§ 1161-68.

[2] MHHC long-term disability plan insurance policy was issued by First Fortis Life Insurance Company, which is now known as USLICNY. *See Thompson I*, ECF 1:11-CV-5635, 110 at 2 (S.D.N.Y. Mar. 19, 2013).

[3] In 2009, Plaintiff filed an employment discrimination action against MHHC, in which she alleged that MHHC subjected her to discrimination and retaliation based on her religion and

## DISCUSSION

The doctrine of claim preclusion, also known as *res judicata*, "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

---

disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act, 29 U.S.C. § 621 *et seq.*, and the New York State Human Rights Law. *See Thompson v. MHHC*, No. 09-CV-7239 (PAE) (THK) (S.D.N.Y. Apr. 9, 2012). On May 18, 2010, the Honorable Barbara S. Jones dismissed Plaintiff's discrimination claims as time-barred. *See* ECF 1:09-CV-7239, 12 (S.D.N.Y. May 18, 2010). On April 6, 2012, Judge Paul Engelmayer dismissed Plaintiff's remaining retaliation claims on summary judgment. *See* ECF 1:09-CV-7239, 56, 2012 WL 1145964 (S.D.N.Y. Apr. 6, 2012).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff previously asserted her claims concerning the USLICNY's denial of long-term disability benefits in *Thompson I*, and the Court dismissed those claims on summary judgment. Plaintiff cannot litigate those claims anew in this action. Nor can Plaintiff avoid claim preclusion by naming additional defendants or asserting claims under a new theory, Title II of the ADA. Plaintiff names nine defendants who were not named as parties in *Thompson I*, including MHHC, MHHC's employees, entities controlled by USLICNY, and USLICNY's employees. All these new defendants, however, can be considered "in privity with" USLICNY with respect to the long-term disability benefits, and USLICNY was a party in *Thompson I*. *See Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995) ("[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."). Because this Court has already considered the merits of Plaintiff's long-term

6

disability claims in *Thompson I*, this action based on the same occurrences and transactions is barred under the doctrine of claim preclusion.

Even if MHHC and its employees are not considered to be in privity with USLICNY, Plaintiff's claims against those defendants are barred by the doctrine of issue preclusion. Issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

Here, Plaintiff seeks to bring the identical long-term disability claims presented in *Thompson I* against MHHC and its employees. Those claims are barred under the doctrine of issue preclusion.

The Court therefore dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (holding that dismissal for failure to state a claim is appropriate where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law" by claim preclusion).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's request for injunctive relief is denied as moot. The Clerk of Court is directed to terminate all other pending matters in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 5.)

SO ORDERED.

Dated: October 12, 2021
 New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge